Raul v. Burke, 2015 NCBC 91.

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 16703

| | |
|---|---|
| MALKA RAUL, Derivatively on Behalf of SWISHER HYGIENE, INC.; and Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH BURKE; RICHARD HANDLEY; HARRIS W. HUDSON; WILLIAM M. PIERCE; WILLIAM M. PRUITT; DAVID PRUSSKY; SWISHER HYGIENE INC.; and ECOLAB, INC., <br><br> Defendants, <br><br> and <br><br> SWISHER HYGIENE, INC. <br><br> Nominal Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **ORDER ON PLAINTIFF'S MOTION FOR EXPEDITED PROCEEDINGS** |

{1}    THIS MATTER is before the Court on Plaintiff's Motion for Expedited Proceedings ("Motion") filed September 21, 2015.  For reasons stated below, the Motion is DENIED.[1]

> *Rabon Law Firm, PLLC by Gary Jackson for Plaintiff.*
>
> *Moore & Van Allen PLLC by James P. McLoughlin, Jr. and Jonathan M. Watkins, and Dechert LLP by David H. Kistenbroker (pro hac vice) and Joni S. Jacobsen (pro hac vice) for Defendants Joseph Burke, Richard Handley, Harris W. Hudson, William M. Bierce, William M. Pruitt, David Prussky, and Swisher Hygiene, Inc.*

---

[1] The Court has limited its consideration to the facts and claims of the verified Derivative and Class Action Complaint ("Verified Complaint").  This ruling reflects the Court's preliminary indication to the parties of its ruling during a telephone conference on October 7, 2014.

*Robinson, Bradshaw & Hinson P.A. by Robert W. Fuller and Adam K. Doerr, and Skadden, Arps, Slate, Meagher & Flom LLP by Matthew R. Kipp (pro hac vice), Donna L. McDevitt (pro hac vice) and Andrew J. Fuchs (pro hac vice) for Defendant Ecolab, Inc.*

Gale, Chief Judge.

{2} Plaintiff filed her verified Derivative and Class Action Complaint ("Verified Complaint") on September 11, 2015, along with a Notice of Designation, seeking to have the matter assigned to this Court as a complex business case.

{3} North Carolina Supreme Court Chief Justice Mark Martin issued an order designating the case as a complex business case on September 17, 2015. The case was initially assigned to the Hon. Louis A. Bledsoe, III, but was reassigned to the undersigned on September 25, 2015.

{4} Plaintiff filed her Motion and supporting brief on September 21, 2015., Defendants filed their opposition on September 25, 2015, and the Court held a telephone hearing on the Motion on October 7, 2015.

{5} Plaintiff's claims relate to a pending transaction during which, subject to shareholder approval, Defendant Swisher Hygiene, Inc. ("Swisher") expects to sell all of its operating assets to Defendant Ecolab, Inc. ("Ecolab") for $40,000,000.00 of cash consideration, following which Defendants' directors intend to dissolve the corporation.

{6} Swisher is a Delaware corporation. The lawsuit involves Swisher's internal governance, and therefore it is appropriately resolved pursuant to Delaware law. *See Bluebird Corp. v. Aubin*, 188 N.C. App. 671, 680–81, 657 S.E.2d 55, 63 (2008) (describing North Carolina courts' adherence to the internal affairs doctrine); *see also* N.C. Gen. Stat. § 55-7-47 (2013). Further, Delaware's procedures attendant to derivative actions are applicable. N.C. Gen. Stat. § 55-7-47 (providing that derivative proceedings are generally governed by the laws of the corporation's jurisdiction of incorporation).

{7} It is unclear whether North Carolina or Delaware law should control the procedural issue of whether to grant Plaintiff expedited discovery. As the standard to be applied by a trial court in North Carolina is unclear, this Court has,

in other factual circumstances, applied a Delaware standard to evaluate a request for expedited proceedings. *See, e.g.*, *Corwin v. British Am. Tobacco PLC*, 2015 NCBC LEXIS 2, at *10–13 (N.C. Super. Ct. Jan. 8, 2015) (looking to Delaware and North Carolina law to evaluate a request for expedited discovery of a North Carolina corporation); *Ehrenhaus v. Baker*, 2008 NCBC LEXIS 20, at *13 (N.C. Super. Ct. Nov. 3, 2008) (applying the Delaware standard to evaluate a request for expedited discovery in a merger transaction). Whether it follows North Carolina law or Delaware law, the Court must undertake a balancing test in which it must determine both whether Plaintiff has demonstrated a substantial, colorable claim and the magnitude of the possible burden or harm to Defendants that may result from imposing the expense and potential business delay attendant to expedition of discovery, including in that determination the possibility of motion practice following initial discovery. *Cf. Corwin*, 2015 NCBC LEXIS 2, at *10–13; *Ehrenhaus*, 2008 NCBC LEXIS 20, at *13. Within the context of this case, this Court resolves the Motion by balancing the potential need for supplemental shareholder disclosures versus the potential shareholder loss if the underlying transaction is adversely affected. Although not dispositive, the Court also considers whether the timeliness and manner by which Plaintiff has pursued the litigation are consistent with the exigencies offered in support of expedition. Those inquiries are obviously case specific.

{8} Swisher issued a press release announcing the intended transaction on August 13, 2015. The Court may take judicial notice of NASDAQ records indicating that the trading price of Swisher's stock has more than doubled since the press release. *Swisher Hygiene, Inc. (SWSH)*, NASDAQ (October 8, 2015), http://www.nasdaq.com/symbol/swsh/stock-chart. Swisher filed its Schedule 14A Definitive Proxy ("Proxy") on September 3, 2015, which reflects that Swisher will hold a shareholder vote to approve the transaction at its annual meeting on October 15, 2015. Plaintiff has not filed any motion for a preliminary injunction.

{9} During the October 7, 2015, telephone conference, defense counsel advised the Court that Swisher expects to make imminent supplemental disclosures

but also intends to move forward with the October 15, 2015, shareholder vote. After the conference, defense counsel advised the Court by e-mail of criminal proceedings instituted on October 7, 2015, in the Western District of North Carolina that arose out of accounting irregularities that have been a matter of public record.[2]

{10} The Verified Complaint includes allegations that are typical of those made during challenges to mergers or acquisitions, but it also includes specific allegations of failures to disclosure information that Plaintiff contends is both material and omitted from the Proxy. Although the Court does not purport to summarize these allegations in detail, it notes that Plaintiff's counsel in the October 7, 2015, telephone conference summarized Plaintiff's basic premise: that Swisher shareholders are being asked to approve the transaction without knowing how much of the transaction price might ultimately be paid to them. Plaintiff contends that Defendants are aware of more specific information that has not been disclosed to shareholders as to the expenses and liabilities that must be paid before it makes any distribution to shareholders.

{11} Defendants counter that they cannot be required to disclose what they do not and cannot know. They refer the Court to statements in the Proxy that clarify that Defendants are not capable of quantifying those liabilities and expenses or providing a reliable estimate of any distribution that might be made to shareholders. In particular, Defendants emphasize the following statement from page eight of the Proxy:

> The balance of the proceeds will be retained to pay ongoing corporate and administrative costs and expenses associated with winding down the Company, liabilities and potential liabilities relating to or arising out of our outstanding litigation matters, any fines or penalties and other costs and expenses relating to or arising out of the USAO/SEC Inquiries, and potential liabilities relating to our indemnification obligations, if any, to Ecolab or to current and former officers and directors.

---

[2] Without expressing any opinion on the effect of those matters on the transaction and shareholder vote that is the subject of this litigation, the Court concludes that those matters do not lead the Court to decide that expedited proceedings are appropriate or necessary in regard to the Verified Complaint currently filed in this action or the claims that it contains.

The remaining amounts, if any, would be distributed to our stockholders upon completion of the proposed Dissolution. We can provide no assurance as to if or when any such distribution will be made, and we cannot provide an estimate as to the amount to be paid to stockholders in any such distribution, if one is made. However, we expect the amount of any such distribution, if one is made, to be significantly and materially less, in the aggregate, than the consideration received in the Sale Transaction.

Swisher Hygiene Inc., Definitive Proxy Statement Relating to Merger or Acquisition (Form DEFM14A) 8 (Sept. 3, 2015).

{12} Other sections of the Proxy provide further detail as to the potential liabilities and expected costs related to the acquisition, but reiterate the management's and directors' inability to reliably estimate any shareholder distribution.

{13} Defendants further contend that Swisher's shareholders will suffer significant potential harm if the shareholder vote is not allowed to proceed as scheduled. The Proxy makes it clear that Swisher's directors are recommending the transaction because of its continuing recurrent losses. Swisher's accountants have issued a "going-concern" opinion. Although Plaintiff clearly contends that certain additional underlying details should be disclosed, the Proxy contains financial information demonstrating the continuing recurrent losses to which Defendants refer. The shareholders are clearly advised by the Proxy that they are being asked to approve a transaction that provides no assurance of a cash benefit to the shareholders in return. They are also clearly advised that Swisher may not be able to maintain any of its value as a going concern if the transaction is not completed. With this awareness of the obvious uncertainty surrounding the results of the transaction, the shareholders are, of course, free to vote for or against it. The Court is unpersuaded that imposing the burden of expedited proceedings or forcing a delay of the shareholder meeting to complete discovery and allow for a possible injunction hearing would be appropriate under the particular circumstances of this case.

{14} There is clear risk in delay. The Proxy discloses that Ecolab can terminate the transaction without penalty if it is not closed by December 31, 2015.

{15}    Plaintiff also complains that Swisher's directors agreed to improper deal protection provisions, including a termination fee of less than four percent,[3] a prohibition on affirmatively soliciting additional offers, and a prohibition on providing a potentially higher bidder any information without first advising Ecolab. The Court believes that each of these provisions is of a nature that Delaware law would indicate to be a reasonable protection of the transaction, and that the provisions do not unfairly preclude the potential for Swisher to pursue a more attractive bid. *See, e.g.*, *In re Morton's Rest. Grp., Inc.*, 74 A.3d 656, 675 n.108 (Del. Ch. July 23, 2013) (analyzing several deal protection measures and finding that they were not preclusive or coercive); *In re 3Com S'holders Litig.*, No. 5067-CC, 2009 Del. Ch. LEXIS 215, at *24–25, 25 n.37 (Dec. 18, 2009) (analyzing deal protection measures and finding them reasonable, and listing cases where the Delaware Court of Chancery has held various types of deal protection measures to be reasonable).

{16}    Plaintiff has offered no reasoned argument or evidence why Swisher should expect any higher bid. While Plaintiff contends that Defendants should make additional disclosures as to the history of the Ecolab agreement, and while Plaintiff might make a more substantial showing in connection with a preliminary injunction motion, based on the present record and solely for purposes of ruling on the present Motion, the Court concludes that the Proxy makes adequate disclosures to inform shareholders prior to their vote on the pending transaction, and that there is not a sufficient suggestion of a higher bid to justify the risk of delay to allow Plaintiff expedited discovery and resulting further motion practice.

{17}    Accordingly, based on these considerations and this record and in the exercise of its discretion, Plaintiff's Motion for Expedited Proceedings is DENIED.

---

[3] Ecolab is also obligated to pay a termination fee if it refuses to close for certain predefined reasons. Ecolab's termination fee is double Swisher's termination fee. Swisher Hygiene Inc., Definitive Proxy Statement Relating to Merger or Acquisition (Form DEFM14A) 58–59 (Sept. 3, 2015).

IT IS SO ORDERED, this 8th day of October, 2015.

/s/ James L. Gale

James L. Gale
Chief Special Superior Court Judge
  for Complex Business Cases